IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATIONWIDE PROPERTY &
CASUALTY INSURANCE COMPANY,

Plaintiff,

v.

HAMPTON COURT, L.P., et al.,

Defendants.

CIVIL ACTION FILE
NO. 1:23-CV-4726-TWT

## OPINION AND ORDER

This is a declaratory judgment action. It is before the Court on the
Defendant Hampton Court, L.P.'s Motion to Dismiss [Doc. 17] and the Plaintiff
Nationwide Property & Casualty Insurance Co.'s Motion for Judgment on the
Pleadings [Doc. 25]. For the reasons set forth below, the Defendant Hampton
Court's Motion to Dismiss [Doc. 17] is DENIED, and the Plaintiff Nationwide
Property & Casualty Insurance Co.'s Motion for Judgment on the Pleadings
[Doc. 25] is DENIED as premature without prejudice to refile.

## I.     Background[1]

This case arises from an underlying wrongful death lawsuit against the
Defendant Hampton Court, L.P. (Am. Compl. ¶ 8; Underlying Compl. ¶ 1). The
Defendant Lee Voine Phillips, individually and as administrator of the estate

---

[1] The Court accepts the facts as alleged in the Amended Complaint as
true for purposes of the present Motion to Dismiss. *Wildling v. DNC Servs.
Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

of Anne Covington Phillips, filed suit in Fulton County State Court on November 8, 2021, against Hampton Court and several other defendants, alleging that Anne died in March 2018 as a result of exposure to mold in her apartment owned by Hampton Court. (Am. Compl. ¶¶ 9–10; Underlying Compl. ¶ 39). Phillips claims that Hampton Court knew about the presence of mold in Anne's apartment as early as 2015 but failed to remediate it even after moving Anne to a hotel. (Am. Compl. ¶ 11; Underlying Compl. ¶¶ 33, 35). In his underlying suit, Phillips brings claims of negligence, premises liability, failure to warn, respondeat superior, negligent hiring and retention, negligent training and supervision, fraud and intentional misrepresentation, negligent infliction of emotional distress, punitive damages, and other damages against the defendants. (Underlying Compl. ¶¶ 41–84).

The Plaintiff Nationwide Property & Casualty Insurance Co. provided businessowners insurance coverage to the Defendant Hampton Court during the period of time in question. (Am. Compl. ¶ 17). In response to the underlying lawsuit, Nationwide filed the present action on October 23, 2023, seeking declaratory relief and joining Hampton Court and Phillips as Defendants. In its Amended Complaint, Nationwide seeks declarations that Phillips's claims in the underlying lawsuit fall within the Fungi or Bacteria Exclusion and the Pollution Exclusion of the insurance policy, such that Nationwide has no duty to defend the underlying lawsuit. (*Id.* ¶¶ 38, 43). Nationwide also seeks a

declaration that the policy does not cover Phillips's claims of fraud and intentional misrepresentation in the underlying lawsuit. (*Id.* ¶ 49). Hampton Court now moves to dismiss Nationwide's claims for declaratory relief, and Nationwide moves for judgment on the pleadings as to those claims.

## II.    Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Amwi. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon

which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." A court should grant a motion for judgment on the pleadings where "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018).

### III.     Discussion

The parties move simultaneously to dismiss and for judgment on the pleadings as to Nationwide's declaratory claims. Hampton moves to dismiss all three of Nationwide's declaratory claims, arguing that Nationwide's duty to defend extends to the underlying lawsuit and that its three declaratory claims should therefore be dismissed. (Br. in Supp. of Def.'s Mot. to Dismiss, at 5, 8, 11). Nationwide, on the other hand, moves for judgment on the pleadings as to its claims, arguing that both the Fungi or Bacteria Exclusion and the Pollution Exclusion bar coverage in the underlying lawsuit and that the policy does not cover a defense or indemnity of Phillips's fraud and intentional misrepresentation claim in the underlying lawsuit. (Br. in Supp. of Pl.'s Mot.

for J. on the Pleadings, at 9, 12, 16). The Court first considers the Motion for Judgment on the Pleadings and then the Motion to Dismiss.

## A. Nationwide's Motion for Judgment on the Pleadings

As a preliminary matter, Hampton Court contends that Nationwide's Motion for Judgment on the Pleadings is improperly before the Court because it has not yet filed an answer in the case and thus the pleadings have not yet closed. (Def.'s Resp. Br. in Opp'n to Pl.'s Mot. for J. on the Pleadings, at 6 (citing *Lillian B. ex rel. Brown v. Gwinnett Cnty. Sch. Dist.*, 631 F. App'x 851, 853 (11th Cir. 2015))). In reply, Nationwide notes that it had to file its Motion for Judgment on the Pleadings when it did or otherwise risk noncompliance with the parties' Joint Preliminary Report and Discovery Plan that requires all motions, other than motions to compel or for summary judgment, to be filed within 30 days after the beginning of discovery. (Reply Br. in Supp. of Pl.'s Mot. for J. on the Pleadings, at 2).

"By the plain language of Rule 12(c), a party may not move for judgment on the pleadings until 'after the pleadings are closed.'" *Lillian B.*, 631 F. App'x at 853 (alteration omitted). The present case is distinguishable from *Lillian B.* where the Eleventh Circuit reversed a grant of judgment on the pleadings because the sole defendant had not yet filed an answer to the complaint. *Id.* at 852. Here, however, one of the Defendants (Phillips) has filed an answer to the Amended Complaint, while one (Hampton Court) has not. The parties do not

cite, nor is the Court aware of, any authority governing the ripeness of a motion under Rule 12(c), where one co-defendant has answered but the other has not. But the Supreme Court has reiterated that "federal courts have no more discretion to disregard a Rule's mandate than they do to disregard constitutional or statutory provisions." *Id.* at 853 (citation omitted). Therefore, although Hampton Court assented to the motion filing deadlines set in the Joint Preliminary Report and Discovery Plan, including the deadline to file motions for judgment on the pleadings within thirty days of the beginning of discovery, the Court finds Nationwide's Motion for Judgment on the Pleadings to be premature under Rule 12(c). Accordingly, its Motion should be denied without prejudice to refile within thirty days of any responsive pleading filed by Hampton Court.

### B. Hampton Court's Motion to Dismiss

The Court turns next to Hampton Court's Motion to Dismiss, in which it argues that Nationwide's duty to defend extends to the underlying lawsuit and thus that its three declaratory claims should be dismissed. "To determine whether an insurer has a duty to defend, the court must examine the allegations of the complaint in conjunction with the relevant policy language to determine whether a liability covered by the policy is asserted." *Allstate Ins. Co. v. Airport Mini Mall, LLC*, 265 F. Supp. 3d 1356, 1366 (N.D. Ga. 2017) (emphasis, quotation marks, and citation omitted).

> To excuse the duty to defend the petition must unambiguously exclude coverage under the policy ..., and thus, the duty to defend exists if the claim potentially comes within the policy. Where the claim is one of potential coverage, doubt as to liability and insurer's duty to defend should be resolved in favor of the insured.

*Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc.*, 268 Ga. 564, 565 (1997) (citations omitted).

Coverage A under the businessowners insurance policy grants coverage for sums "that the insured becomes legally obligated to pay as damages because of 'bodily injury'" to which the insurance applies. (Policy, Doc. 1-3, at 230). The policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (*Id.* at 247). Among other criteria, the bodily injury must be caused by an "occurrence," defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Id.* at 249). In its declaratory claims, however, Nationwide alleges that two exclusions to the policy and the absence of an occurrence preclude its duty to defend Phillips's claims in the underlying lawsuit. The Court considers the validity of Nationwide's three declaratory claims in turn.

### 1. Fungi or Bacteria Exclusion

An endorsement to the policy entitled "Georgia - Limited Fungi or Bacteria Exclusion" modifies the coverage by excluding a duty to defend suits arising out of bodily injury from a "fungi or bacteria incident," or "an incident

which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any 'fungi' or bacteria on or within a building or structure including its contents, regardless of whether any other cause, event, material, or product contributed concurrently or in any sequence to such injury or damage." (*Id.* at 262). The endorsement defines "fungi" as "any type or form of fungus, including mold or mildew." (*Id.*).

The Court concludes that Nationwide pleads a plausible declaratory claim in Count I because the policy unambiguously excludes from coverage the sort of bodily injury due to exposure to mold that Phillips seeks to recover on behalf of Anne's estate in the underlying lawsuit. Specified plainly in the preliminary statement of his complaint, Phillips brings his wrongful death claim on behalf of Anne, alleging that Hampton Court "allowed a dangerous substance – mold – to grow in [Anne's] apartment and failed to warn [her] and remediate the mold." (Underlying Compl. ¶ 1). Such a liability is not covered by the policy because the endorsement expressly excludes coverage for bodily injury arising from exposure to mold, regardless of any other concurrent causes that potentially contributed to the injury. (*See* Policy, at 262). Under such circumstances, Nationwide states a plausible claim that it does not owe Hampton Court a duty to defend the underlying lawsuit under Count I.

In support of its motion, Hampton Court argues that the underlying complaint's reference to the presence of "toxic mold and/or other toxic substances" contemplates the possibility that Anne's injuries were caused solely by some other toxic substances besides mold. (Br. in Supp. of Def.'s Mot. to Dismiss, at 7–8). Accordingly, Hampton Court contends that because Phillips's claim could have potentially arisen from exposure to another toxic substance besides mold and thus come within the coverage under the policy, Nationwide has a duty to defend the underlying lawsuit and Count I should be dismissed. (*Id.* at 8). But such a strained reading of the underlying complaint runs contrary to the clear allegations of mold as causing her illness and the existence of mold in her apartment. (Underlying Compl. ¶¶ 1, 33). And even if some other toxic substance simultaneously contributed to her alleged illness, the endorsement contemplates exclusion for injury arising from exposure to mold "regardless of whether any other cause, event, material, or product contributed concurrently or in any sequence to such injury." (Policy, at 262); *see also Empire Indem. Ins. Co. v. Winsett*, 325 F. App'x 849, 851–52 (11th Cir. 2009) (finding identical language in an insurance policy precluded the insurer's duty to defend and indemnify under Florida law); *In re Covington Lodging Inc.*, 635 B.R. 675, 697 (Bankr. N.D. Ga. 2021) (evaluating anti-concurrent clauses under Georgia law). Therefore, dismissal is improper under this theory.

### 2. Pollution Exclusion

The insurance policy excludes from coverage any duty to defend liability due to bodily injury "arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured." (Policy, at 232). The policy defines "pollutants" as "any solid, liquid, gaseous or thermal irritant or contaminant, including but not limited to smoke, vapor, soot, fumes, acids, alkalis, petroleum products and their derivatives, chemicals and waste." (*Id.* at 249–50).

The Court concludes that Nationwide pleads a plausible declaratory claim in Count II. The Supreme Court of Georgia has interpreted identical policy language to bar coverage for a tenant's claims against her landlord for injuries from ingesting lead-based paint. *Georgia Farm Bureau Mut. Ins. Co. v. Smith*, 298 Ga. 716, 721 (2016). And federal courts applying Georgia law typically interpret pollution exclusion provisions broadly in the bodily injury context. *Love Lang v. FCCI Ins. Co.*, 530 F. Supp. 3d 1299, 1308 (N.D. Ga. 2021) (noting that noxious odors and stormwater runoff and resulting sediment constitute pollutants under similar exclusion provisions); *see also Reed v. Auto-Owners Ins. Co.*, 284 Ga. 286, 288 (2008) (affirming that carbon monoxide constituted a pollutant as an "irritant or contaminant" under identical policy language). Under these circumstances, mold plausibly constitutes a pollutant

that supports Nationwide's declaratory claim in Count II.

Hampton Court advances several lines of reasoning in support of its position that the Pollution Exclusion does not bar Nationwide's duty to defend the underlying lawsuit. First, it argues that the language of the Exclusion does not allege "that a toxic substance or chemical was discharged, dispersed, seeped, migrated, released or escaped anywhere into the atmosphere, soil or water." (Br. in Supp. of Def.'s Mot. to Dismiss, at 10). But in so arguing, Hampton Court misapplies *Kerr-McGee Corp. v. Georgia Cas. & Sur. Co.*, 256 Ga. App. 458 (2002), where the court found that a similar pollution exclusion was ambiguous because it did not specify *where* the discharge dispersal, seepage, migration, release, or escape of pollutants had to occur for coverage to be excluded. *Id.* at 458. The Pollution Exclusion here, however, specifies that the pollution must occur "at or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured." (Policy, at 232). And as Hampton Court notes, the underlying lawsuit alleges that the mold was "in the apartment." (Br. in Supp. of Def.'s Mot. to Dismiss, at 10). Therefore, the Exclusion is not inapplicable on this asserted ground.[2]

---

[2] Hampton Court also argues that "there is no reason to think that any potential mold exposure was due to the mold discharging, dispersing, seeping, migrating, releasing, or escaping from one location to another location." (Reply Br. in Supp. of Def.'s Mot. to Dismiss, at 8). But the Court has no problem concluding that the underlying lawsuit's allegations plausibly contemplate that Anne's injuries occurred due to seepage of mold at her apartment, such that dismissal of Nationwide's declaratory claim in Count II would be

11

Hampton Court then argues that the Exclusion's language does not contemplate mold as a pollutant. (Br. in Supp. of Def.'s Mot. to Dismiss, at 10–11; Reply Br. in Supp. of Def.'s Mot. to Dismiss, at 11–14). But the cases that Hampton Court cites in reply are inapposite. *See, e.g.*, *Evanston Ins. Co. v. Sandersville R.R. Co.*, 2017 WL 3166730, at *7 (M.D. Ga. July 25, 2017) (finding an insurer's duty to defend existed where the underlying complaint did not allege a causal relationship between the workplace welding fumes at issue and the injured employee's lung disease). The Court does not conclude at the motion to dismiss stage that mold necessarily constitutes a pollutant that warrants exclusion under the policy, as Hampton Court suggests. (Reply Br. in Supp. of Def.'s Mot. to Dismiss, at 11). Rather, the Court concludes that dismissal of Count II is improper at this stage because mold plausibly constitutes a pollutant as alleged. And to the extent that the exception to the Pollution Exclusion might apply in this case because Anne's injuries were "caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat, cool or dehumidify" the apartment, such a possibility does not require dismissal of the claim at this stage. (*Id.* at 10).

### 3.  Fraud and Misrepresentation Claim

Regarding Nationwide's declaratory claim pertaining to the underlying lawsuit's fraud and intentional misrepresentation claim, Hampton argues that

---

improper.

Count III should be dismissed because the claim is not ripe for review and because, even if it were, Georgia law requires Nationwide to defend all claims in the underlying action even if certain claims fall outside the scope of the policy's coverages. (Br. in Supp. of Def.'s Mot. to Dismiss, at 11). But that the claim is not yet ripe does not preclude its merits as a matter of law, nor does the possibility that certain claims in the underlying lawsuit might fall outside the scope of the policy's coverage. Accordingly, Hampton Court is not entitled to dismissal of Count III.

## IV.    Conclusion

For the foregoing reasons, the Defendant Hampton Court's Motion to Dismiss [Doc. 17] is DENIED, and the Plaintiff Nationwide Property & Casualty Insurance Co.'s Motion for Judgment on the Pleadings [Doc. 25] is DENIED as premature without prejudice to refile within thirty days of any responsive pleading filed by Hampton Court.

SO ORDERED, this ___15th___ day of May, 2024.

THOMAS W. THRASH, JR.
United States District Judge